IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **ROBIN WILKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| **MCGAVOCK NISSAN OF AMARILLO, LP** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Robin Wilkins ("Wilkins" or "Plaintiff"), through undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, McGavock Nissan of Amarillo, LP ("McGavock" or "Defendant"), and in support states as follows:

**NATURE OF THE CLAIMS**

1.  This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); the Age Discrimination in Employment Act 29 U.S.C. §§ 621, et seq. ("ADEA");  and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHR") to redress Defendant's unlawful employment practices against Wilkins, including Defendant's unlawful sex and age discrimination of Wilkins, including a hostile work environment, Defendant's discriminatory employment practices against Wilkins because of her age, sex, and retaliation for engagement in protected activity leading to Wilkins' constructive discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Wilkins' civil rights under Title VII and the ADEA.

3. This Court has supplemental jurisdiction over Wilkins' related claims arising under the Texas Labor Code pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Wilkins' claim occurred in this District.

## THE PARTIES

5. Wilkins is a citizen of the United States, and is and was at all times material, a resident of the state of Texas, residing in Randall County.

6. Defendant is a Domestic Limited Partnership with its principal place of business in Lubbock, Texas.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Wilkins has complied with all statutory prerequisites for filing this action.

9. On April 12, 2024, Wilkins filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Wilkins' discrimination charge was filed within the required number of days after the alleged unlawful employment practices occurred.

11. On December 11, 2024, the EEOC issued Wilkins a Notice of Right to Sue, upon request, against Defendant.

12. This complaint was filed within ninety days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Wilkins was employed by Defendant on a full-time basis for approximately five (5) years as a Sales Associate.

14. Defendant is a car dealership.

15. Wilkins is a 55-year-old female.

16. Wilkins was subjected to disparate and discriminatory treatment due to her sex and age during her employment.

17. Wilkins was subjected to retaliation during her employment.

18. The conduct was sufficiently severe and pervasive to alter the conditions of Wilkins's employment, which created a hostile working environment.

19. Specifically, Wilkins was a victim of harassment by her male Supervisor Colby Hutson ("Huston").

20. Wilkins and Huston were both employees at Defendant.

21. In January of 2024, Wilkins arrived at Defendant when she was approached by Huston.

22. Huston told Wilkins that "*we are getting rid of old people and bringing in young guys.*"

23. Shortly after, Wilkins' commissions were adjusted on two separate sales, with a younger male employee receiving her previously earned commissions.

24. Wilkins reported this and other concerns to 30-year-old male sales manager Taylor Lippon ("Lippon").

25. After no remedial action was taken, Wilkins reported her concerns to Hutson.

26. Huston told Wilkins "*shut up and get back to work.*"

27. Similarly situated male employees under the age of 40 were not subjected to similar verbal abuse.

28. In February of 2024, Wilkins was briefly out of work due to contracting COVID-19.

29. Defendant was aware of and approved of Wilkins' time off because of Wilkins' illness.

30. Upon her return to work, Wilkins was required to proffer medical documentation.

31. Similarly situated male employees under the age of 40 were not asked to do the same.

32. Additionally, upon her turn to work, Wilkins was displaced from her office and placed in a cubicle.

33. Wilkins' office was given to a male employee under the age of 40.

34. Wilkins again expressed her concerns of discrimination to Hutson, who told her "*if you do not like it, you can go home.*"

35. Given the increasingly hostile and intimidating work environment, Wilkins was left with no choice but to resign.

36. Wilkins is aware of a pattern and practice of discrimination against female employees over 40, including Micah Barfield, who was terminated in December of 2022 due to "*the way she looks*" and Mackenzie Hall, a female employee under the age of 40, whose pay was reduced given her age and sex.

37. At the time of Wilkins' resignation, she was the only employee over the age of 40 and one of two female employees at McGavock.

38. Defendant's illegal conduct has damaged Wilkins.

39. Wilkins has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Sex Based Discrimination in Violation of Title VII

40. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

41. At all times relevant to this action, Wilkins was in a protected category under Title VII because of her sex, female.

42. Defendant is prohibited under Title VII from discriminating against Wilkins because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated Title VII by discriminating against Wilkins based on her sex.

44. Defendant intentionally discriminated against Wilkins based on her sex.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Wilkins has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Wilkins is entitled to an award of monetary damages and other relief.

### Count II: Sex Discrimination and Hostile Work Environment in Violation of Title VII

46. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

47. Defendant subjected Wilkins to discrimination based on sex.

48. Despite Wilkins' reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

49. Defendant's conduct created and perpetuated a hostile work environment for Wilkins.

50. Defendant's conduct violates Title VII.

51. Defendant's violation of Title VII has caused the Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

52. Defendant's actions have caused Wilkins to suffer mental and emotional distress, entitling her to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Wilkins' federally protected rights, thereby entitling her to punitive damages.

## Count III: Retaliation in Violation of Title VII

54. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

55. Wilkins engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

56. Defendant engaged in intentional retaliation against Wilkins for her participation in protected activity.

57. Defendant's conduct violated Title VII.

58. Defendant's discriminatory conduct, in violation of Title VII, has caused Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

59. Defendant's actions have caused Wilkins to suffer mental and emotional distress, entitling her to compensatory damages.

60. Defendant has engaged in discriminatory practices with malice and reckless indifference to Wilkins' federally protected rights, thereby entitling her to punitive damages.

### Count IV: Age Based Discrimination in Violation of the ADEA

61. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

62. At all times relevant to this action, Wilkins was in a protected category under the ADEA because she is over 40 years old during the relevant time period.

63. Defendant is prohibited under the ADEA from discriminating against Wilkins because of her age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

64. Defendant violated the ADEA by discriminating against Wilkins based on her age.

65. Defendant intentionally discriminated against Wilkins on the basis of her age.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADEA, Wilkins has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful conduct in violation of the ADEA was outrageous and malicious, was intended to injure Wilkins, and was done with conscious disregard of Wilkins' civil rights, entitling her to an award of exemplary and/or punitive damages.

**Count V: Age Discrimination and Hostile Work Environment in Violation of the ADEA**

68. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

69. Defendant subjected Wilkins to discrimination based on age.

70. Despite Wilkins' reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

71. Defendant's conduct created and perpetuated a hostile work environment for Wilkins.

72. Defendant's conduct violates ADEA.

73. Defendant's violation of ADEA has caused the Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

**Count VI: Retaliation in Violation of the ADEA**

74. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

75. Wilkins engaged in protected activity under the ADEA while employed by Defendant.

76. Defendant engaged in intentional retaliation against Wilkins for her participation in protected activity.

77. Defendant's conduct violated the ADEA.

78. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADEA, Wilkins has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

79. Defendant's unlawful conduct in violation of the ADEA was outrageous and malicious, was intended to injure Wilkins, and was done with conscious disregard of Wilkins' civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count VII: Sex Based Discrimination in Violation of the TCHR

80. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

81. At all times relevant to this action, Wilkins was in a protected category under the TCHR because of her sex, female.

82. Defendant is prohibited under the TCHR from discriminating against Wilkins because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

83. Defendant violated the TCHR by discriminating against Wilkins based on her sex.

84. Defendant intentionally discriminated against Wilkins based on her sex.

85. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of TCHR, Wilkins has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Wilkins is entitled to an award of monetary damages and other relief.

**Count VIII: Sex Discrimination and Hostile Work Environment in Violation of the TCHR**

86. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

87. Defendant subjected Wilkins to discrimination based on sex.

88. Despite Wilkins' reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

89. Defendant's conduct created and perpetuated a hostile work environment for Wilkins.

90. Defendant's conduct violates the TCHR.

91. Defendant's violation of the TCHR has caused Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

92. Defendant's actions have caused Wilkins to suffer mental and emotional distress, entitling her to compensatory damages.

93. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Wilkins' federally protected rights, thereby entitling her to punitive damages.

**Count IX: Age Discrimination in Violation of the TCHR**

94. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

95. At all times relevant to this action, Wilkins was in a protected category under the TCHR because she is over 40 years old during the relevant time period.

96. Defendant is prohibited under the TCHR from discriminating against Wilkins because of her age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

97. Defendant violated the TCHR by discriminating against Wilkins based on her age.

98. Defendant intentionally discriminated against Wilkins on the basis of her age.

99. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHR, Wilkins has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

100. Defendant's unlawful conduct in violation of the TCHR was outrageous and malicious, was intended to injure Wilkins, and was done with conscious disregard of Wilkins' civil rights, entitling her to an award of exemplary and/or punitive damages.

**Count X: Age Discrimination and Hostile Work Environment in Violation of the TCHR**

101. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

102. Defendant subjected Wilkins to discrimination based on age.

103. Despite Wilkins' reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

104. Defendant's conduct created and perpetuated a hostile work environment for Wilkins.

105. Defendant's conduct violates the TCHR.

106. Defendant's violation of the TCHR has caused Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

107. Defendant's actions have caused Wilkins to suffer mental and emotional distress, entitling her to compensatory damages.

108. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Wilkins' federally protected rights, thereby entitling her to punitive damages.

### Count XI: Retaliation in Violation of the TCHR

109. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

110. Wilkins engaged in protected activity under the TCHR when she raised her concerns to Defendant.

111. Defendant engaged in intentional retaliation against Wilkins for her participation in protected activity.

112. Defendant's conduct violated the TCHR.

113. Defendant's discriminatory conduct, in violation of the TCHR, has caused Wilkins to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

114. Defendant's actions have caused Wilkins to suffer mental and emotional distress, entitling her to compensatory damages.

115. Defendant has engaged in discriminatory practices with malice and reckless indifference to Wilkins' federally protected rights, thereby entitling her to punitive damages.

### Count XII: Constructive Discharge

116. Wilkins re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

117. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

118. Defendant's actions were done with the intent to drive Wilkins to resign as Defendant was repeatedly on notice of Wilkins' complaints and failed to take remedial action.

119. Defendant's deliberate actions forced Wilkins to resign her position.

## PRAYER FOR RELIEF

**WHEREFORE**, Wilkins, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Wilkins costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other further relief as this Court deems just and proper.

**JURY DEMAND**

Wilkins hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Texas Bar Number: 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Attorneys for Plaintiff*